UNITED STATES DISTRICT COURT
NORDERN DISTRICT OF NEW YORK

JAVELL FOX,

                Plaintiff,

   -against-                                               6:15-cv-0587 (LEK/ATB)

CORY ZENNAMO,

                Defendant.

**DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Javell Fox ("Plaintiff") commenced the present action against Defendant Cory Zennamo ("Defendant") in Oneida County Supreme Court pursuant to 42 U.S.C. § 1983. Dkt. No. 2 ("Complaint"). Defendants removed the case to the Northern District on May 13, 2015. Dkt. No. 1 ("Notice of Removal"). Presently before the Court is Defendants' Motion to dismiss. Dkt. Nos. 3 ("Motion"); 3-2 ("Memorandum"). For the following reasons, the Motion is granted, and Plaintiff's Complaint is dismissed with prejudice.

**II.    BACKGROUND**[1]

Plaintiff is currently incarcerated pursuant to a 2012 conviction, having been represented by

---

[1] Because this case is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[ ] all reasonable inferences in her favor"). Furthermore, as Plaintiff is proceeding *pro se*, the Complaint "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

Defendant in the underlying criminal case. Compl. ¶¶ 2-3, 31.[2] Plaintiff claims that during the pendency of those criminal proceedings, Defendant rendered ineffective assistance of counsel through violations of the Rules of Professional Conduct, failure to raise various defenses, and failure to request a different judge once prejudicial information had been disclosed. Id. ¶¶ 4-15, 20-22, 29. Plaintiff commenced the instant action on February 25, 2015 in Oneida County Supreme Court, generally alleging a deprivation of his constitutional rights. Notice Removal ¶ 1; Compl. at 2.[3] Defendant then removed the case to the Northern District based on federal question jurisdiction on May 13, 2015. Notice Removal ¶ 4. Defendant filed a Motion to dismiss on May 18, 2015. Mot. Defendant states that he cannot be held liable under 42 U.S.C. § 1983 as a matter of law, since public defenders do not act under color of state law. Mem. at 5.[4] Plaintiff filed a Response on February 26, 2016, along with a Motion to amend and a Proposed Amended Complaint. Dkt. No. 17 ("Motion to Amend");[5] 18 ("Response").[6] Plaintiff, in his Proposed Amended Complaint, added

---

[2] Neither party has pleaded the underlying facts of Plaintiff's conviction, so the Court will take judicial notice of Plaintiff's records on the Department of Corrections and Community Supervision ("DOCCS") website, where Plaintiff's current term of confinement is listed under DIN 12B1626. See Inmate Information, N.Y. Dep't of Corr. & Community Supervision, http://nysdoccslookup.doccs.ny.gov (last visited Mar. 15, 2016). It appears that Plaintiff was returned from parole and convicted of criminal possession of a controlled substance in the third degree and in the fourth degree. Id. Plaintiff has been housed in the state system since June 1, 2012, eleven days after the sentencing date pleaded in his Complaint. Id.

[3] For all citations to sections of the Complaint that are not in paragraph form, the Court uses the pagination assigned by the Court's Electronic Court Filing ("ECF") system.

[4] The Court uses the pagination assigned by ECF.

[5] The Proposed Amended Complaint is found on pages 3-16 of Dkt. No. 17. The Court uses the pagination assigned by ECF.

[6] Plaintiff's Response is timely due to six Letter Motions requesting extensions of his time to file a response. Dkt. Nos. 5; 7; 9; 11; 13; 15. The Court granted each extension in full or in part,

2

further facts regarding Defendant's representation and added as his new first cause of action an attorney malpractice claim. Mot. Amend at 5-9, 16. Plaintiff's Response included further facts and supporting caselaw regarding the merits of his ineffectiveness claim. Resp. at 4-6; Dkt. No. 18-1 ("Response Affirmation"). Defendant filed a Reply on March 15, 2016 stating that Plaintiff's addition of a malpractice claim would not defeat the dismissal of the federal law claim. Dkt. No. 19 ("Reply").

## III. DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in a plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).

### A. Public Defender Liability under § 1983

Section 1983 provides a private right of action for redress of constitutional violations "'under color' of law." Terebesi v. Terreso, 764 F.3d 217, 230 (2d Cir. 2014). The Supreme Court has held that public defenders only act under color of law in limited circumstances: "for example . . . when making hiring and firing decisions on behalf of the State[,] . . . performing certain administrative and possibly investigative functions[, or] for malpractice . . . under state tort law." Polk County v. Dodson, 454 U.S. 312, 325 (1981). However, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," public defenders are not

---

extending Plaintiff's time to file a response to March 7. Dkt. Nos. 6; 8; 10; 12; 14; 16.

acting under color of state law.  Prisoners "have a constitutional right of access to the courts."  Id. Therefore, public defenders are not subject to suit under § 1983 if the case and controversy arises out of their traditional functions.  Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).

In this case, Plaintiff has alleged that Defendant rendered ineffective assistance of counsel and failed to adhere to various standards of representation.  See Compl.  These allegations are all squarely within the "traditional functions as counsel" and do not implicate any of the exceptions listed above.  As the Supreme Court stated in Polk County, "an indigent prisoner retains the right to initiate state and federal habeas corpus proceedings. . . . [T]his normally is the most important form of judicial relief."  454 U.S. at 325 n.18.  Therefore, Plaintiff's allegations, even accepted as true, do not set forth an actionable claim under § 1983.

### B. Motion to Amend

When a plaintiff moves to amend a pleading, "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).  However, a court does not have to grant leave to amend "where the proposed amendment would be 'futil[e].'" Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011) (alteration in original).  A proposed amendment is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  Doughterty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiff's Proposed Amended Complaint first restates his ineffectiveness claim against Defendant, with further facts to support his claim.  Mot. Amend at 5-9.  However, as Defendants point out, Reply at 2, Plaintiff's claim is still not cognizable due to the underlying facts being directly a result of Defendant's "traditional functions as counsel."  Polk County, 454 U.S. at 325.

Therefore, Plaintiff's constitutional claim would not be able to withstand a motion to dismiss under Rule 12(b)(6).

Plaintiff's additional claim is an attorney malpractice claim, which is traditionally a state law claim. See Harrison v. New York, 95 F. Supp. 3d 293, 330 (E.D.N.Y. 2015) (dismissing malpractice claim due to lack of supplemental jurisdiction after dismissing constitutional ineffectiveness claim). While a district court has supplemental jurisdiction over all state-law claims that are "part of the same case or controversy" as any claim with federal subject matter jurisdiction, 28 U.S.C. § 1367(a), that court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff's federal claims have been dismissed at this early stage of litigation, the Court finds that exercising supplemental jurisdiction solely over Plaintiff's malpractice claim would be improper given that there is no relevant federal consideration favoring retention. Harrison, 95 F. Supp. 3d at 330; see also Nazzaro v. Balber, No. 05 Civ. 2172, 2005 WL 1251785, at *5-6 (S.D.N.Y. May 25, 2005) (retaining legal malpractice claim when the question of deficient performance turned on the question of "severance pay and/or deferred compensation arising from their ERISA benefits plans"). Therefore, because Plaintiff's Proposed Amended Complaint would not survive a Rule 12(b)(6) motion, Plaintiff's Motion to amend is denied.

**IV.  CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 3) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 17) to amend is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 2) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 18, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge